IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN BRADLEY, | ) | 8:10CV405 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BRIAN HOSPITAL, LINCOLN | ) | |
| GENERAL HOSPITAL, | ) | |
| CLARKSEN HOSPITAL, and | ) | |
| SAINT JOSEPH HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

On October 25, 2010, the court required Plaintiff to show cause why he is entitled to proceed in forma pauperis ("IFP") pursuant to the provisions of 28 U.S.C. §1915(g) ("§ 1915(g)"). (Filing No. 6.) In response, Plaintiff filed a Motion for Recusal. (Filing No. 7.) The court has carefully reviewed Plaintiff's Motion and finds that this matter should be dismissed.

### I.  BACKGROUND

On October 19, 2010, while incarcerated, Plaintiff filed a Complaint (filing no. 1) and a Motion for Leave to Proceed IFP (filing no. 2). The court thereafter ordered Plaintiff to either show cause why he is entitled to proceed IFP or pay the full $350 filing fee, or his case would be dismissed. (Filing No. 6.) The court's previous Memorandum and Order was based on the court's finding that Plaintiff brought the following four cases while incarcerated, all of which were dismissed as frivolous:

- *Bradley v. Urbom,* No.8:92CV54 (D. Neb.), dismissed as frivolous on March 10, 1992.

- *Bradley v. The Senate*, No. 8:92CV96 (D. Neb.), dismissed as frivolous on May 7, 1992.

- *Bradley v. U.S. District Court*, No. 8:92CV127 (D. Neb.), dismissed as frivolous on March 13, 1992.

- *Bradley v. Urbom*, No. 8:92CV188 (D. Neb.), dismissed as frivolous on April 13, 1992.

On October 29, 2010, Plaintiff filed a Motion for Recusal. (Filing No. 7.)

## II.  ANALYSIS

A prisoner may not bring a civil action or proceed IFP if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. § 1915(g). An exception is made for prisoners who are under imminent danger of serious physical injury. *Id*.

In its previous Memorandum and Order, the court ordered Plaintiff to show cause why his case should not be dismissed pursuant to § 1915(g). (Filing No. 6.) The court listed four cases brought by Plaintiff that were dismissed as frivolous. (*Id.* at CM/ECF p. 1.) For Plaintiff to proceed IFP, he needed to show the court that at least two of the four dismissed cases do not meet the criteria set forth in § 1915(g) or, alternatively, that he faces imminent danger of serious physical injury.

In response, Plaintiff filed a Motion for Recusal. (Filing No. 7.) In his Motion, Plaintiff alleges that the undersigned judge is "racist." (*Id*. at CM/ECF p. 1.) The court has carefully reviewed Plaintiff's Motion. In accordance with 28 U.S.C. § 455(a), the court finds that there is nothing indicating that the undersigned judge's "impartiality might reasonably be questioned" or that there is any other basis for

recusal or reassignment in this matter. Accordingly, Plaintiff's Motion for Recusal (filing no. 7) is denied.

Moreover, Plaintiff has not complied with the court's October 25, 2010, Memorandum and Order. Plaintiff has not shown that he is entitled to proceed IFP, nor has he paid the full $350 filing fee. For these reasons, this matter must be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Recusal (filing no. 7) is denied.

2. This matter is dismissed without prejudice.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 7th day of December, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.